UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| United States of America ex rel.<br>   The Tarbell Group, LLC,<br><br>      Plaintiff<br><br>        v.<br><br>Glen Allen Community Center and<br>Unknown John and Jane Does,<br><br>      Defendants | Case no. 3:25cv652<br><br>FILED UNDER SEAL PURSUANT TO<br>31 U.S.C. § 3730(b)(2) |

## COMPLAINT

### Nature of the Case

1. Relator The Tarbell Group, LLC, brings this action for itself and the United States under the False Claims Act, 31 U.S.C. §§ 3729-3733, to recover funds illegally obtained by the defendant under federal COVID-19 relief laws.

### Jurisdiction and Venue

2. The Court has jurisdiction of, and is the appropriate venue for, this matter because it arises under a federal law, because the United States is a plaintiff, and because in this judicial district any one defendant can be found, resides, transacts business in, or committed an act proscribed by the False Claims Act. 28 U.S.C. §§ 1331, 1345; 31 U.S.C. § 3732(a).

### Parties—Relator

3. Relator The Tarbell Group, LLC, is a limited liability company located in and organized under the laws of the Commonwealth of Virginia.

1

## Party—Defendants

4. Defendant Glen Allen Community Center is an organization exempt from tax under section 501(c)(4) of the Internal Revenue Code ("Tax-Exempt 501(c)(4) Organization") located at 10800 Brookley Road in Glen Allen, Virginia.

5. Defendants Unknown John or Jane Does were at all relevant times directors, officers, employees, or otherwise agents by and through whom Defendant Glen Allen Community Center acted. On information and belief, they include Treasurer William Candler.

## Background

6. To provide economic relief and stimulate the economy during the COVID-19 pandemic, Congress in 2020 enacted the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. 116-136, amended by, inter alia, the Paycheck Protection Program Flexibility Act of 2020, Pub. L. 116-142 and the American Rescue Plan Act of 2021, Pub. L. 117-2 (2021) (together with implementing regulations, referred to herein as the "PPP Program"). The PPP Program effectively transferred money from the federal government to eligible recipients via the United States Small Business Administration ("SBA"). The transfers took the form of private loans guaranteed, forgiven and reimbursed by SBA ("PPP Loans").

7. As a condition of receiving PPP Loans and forgiveness thereof, each applicant was required to certify its eligibility under the PPP Program.

8. The PPP Program always excluded Tax-Exempt 501(c)(4) Organizations from eligibility.

9. Defendants applied for and received a PPP Loan for which Defendant Glen Allen Community Center was legally ineligible.

### PPP Loan

10.     Defendant Glen Allen Community Center, acting by and through and under the direction and control of Defendants Unknown John and Jane Does, applied and received approval for, and forgiveness of, its PPP Loan, despite being legally ineligible for the same. The loan, numbered 3826658509, was approved on February 24, 2021, in the amount of $7,230.00. SBA approved Defendant Glen Allen Community Center's application for forgiveness of the loan on January 26, 2022, in the amount of $7,296.16.

### Cause of Action
### False Claims Act, 31 U.S.C. § 3729

11.     Relator repeats and realleges each of the foregoing paragraphs.

12.     Defendant Glen Allen Community Center knew that it was ineligible to receive its PPP Loan at the time it applied and received approval for, and forgiveness of, the same.

13.     Each defendant did knowingly present, or cause or be presented, a false or fraudulent claim for payment or approval, to the injury of the United States, by falsely certifying that Defendant Glen Allen Community Center was eligible for its PPP Loans and forgiveness thereof and thereby receiving the same.

14.     Each defendant did knowingly make, use, or cause to be made or use, a false record or statement material to a false or fraudulent claim, to the injury of the United States, by falsely certifying that Defendant Glen Allen Community Center was eligible for its PPP Loans and forgiveness thereof and thereby receiving the same.

15.     Each defendant did knowingly make, use, or cause to be made or used, a false record or statement material to, or did knowingly conceal, or did knowingly and improperly avoid or decrease, an obligation to pay or transmit money or property to the United States government,

by falsely certifying that Defendant Glen Allen Community Center was eligible for its PPP Loans and forgiveness thereof and thereby receiving the same.

## Prayer for Relief

16. WHEREFORE, Relator prays for the following relief against each defendant:

   a. A declaration that each defendant did violate the False Claims Act;

   b. An amount thrice the amount of PPP Loans and interest forgiven or otherwise not repaid with respect to each defendant, lending fees paid by SBA, foregone interest, and all other damages suffered by the United States government, plus civil penalties and applicable interest, under 31 U.S.C. § 3729(a)(1);

   c. The cost of this civil action, apportioned to each defendant respectively in proportion to its share of the aggregate damages recouped herein, under 31 U.S.C. § 3729(a)(3);

   d. An award to relator, including its reasonable expenses, attorneys' fees, and costs, under 31 U.S.C. § 3730(d)(1) or (2), as applicable; and

   e. Such other and further relief as may be just and proper.

## Demand for Jury Trial

17. Relator demands a trial by jury.

Respectfully submitted,

*Bruce Ellis Fein*

Bruce Ellis Fein
Law Office of Bruce Ellis Fein, PLLC
P.O. Box 506
Great Falls, VA 22066
bruce@newdream.net
703-248-0390
*Attorney for Relator The Tarbell Group, LLC*